UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WALTER R. KRZASTEK,<br><br>        Plaintiff,<br><br>v.<br><br>MODERN CONTINENTAL CONSTRUCTION CO., INC.,<br><br>        Defendant. | Miscellaneous Business Docket No.<br>1:04-mc-10079 |

## EMERGENCY MOTION FOR GRANT OF EX-PARTE TRUSTEE EXECUTION

The Plaintiff Walter R. Krzastek ("Krzastek") hereby moves this Court pursuant to Fed.R.Civ.P. 64 and 69 to grant him an ex-parte Trustee Execution directing Fleet Boston, 100 Federal Street, Boston, MA 02110, as trustee of Modern Continental Construction Co., Inc. ("Modern") to satisfy the Plaintiff's Judgment from funds held in accounts bearing Modern's name ("Fleet Accounts"). In support of this Motion, the Plaintiff hereby states the following:

1. On February 10, 2004 the Plaintiff commenced a civil action in the United States District Court for the District of New Jersey (Civil Action No. 03-CV-5698) against the Defendant Modern for damages resulting from Modern's breach of its employment contract with Krzastek. The Plaintiff sought damages in the sum of three million, one hundred thirty-eight thousand, seven hundred and fifty dollars ($3,138,750.00).

2. Modern was defaulted and on February 9, 2004. The New Jersey District Court (Pisano, J.) entered Judgment in favor of Krzastek for $3,138,750.00. (Certified Judgment, attached hereto as Exhibit A). The Judgment was entered on the docket on February 10, 2004 and

no notice of appeal or any motion related to the Judgment was timely filed. (Certification of Judgment for Registration in Another District, attached hereto as Exhibit B).

3. On March 11, 2004, the Certified Judgment was registered with this Court. (Docket, attached hereto as Exhibit C). The Judgment has not been satisfied. (Affidavit of Peter J. Pizzi, attached hereto as Exhibit D).

4. On March 16, 2004, a blank Trustee Execution was filed with the Court along with the Affidavit of Walter R. Krzastek in Support of Request for Grant of Trustee Execution. (Affidavit of Walter R. Krzastek, attached hereto as Exhibit E).

5. As set forth in the Affidavit of the Plaintiff, the Judgment owed to him by Modern has not been satisfied and enforcement of the Judgment had not been stayed. (Exhibit E). Furthermore, the Judgment represents damages arising out of Krzastek's employment contract with Modern, and there is no known insurance coverage available to satisfy the Judgment. (Exhibit E).

6. In addition, Modern's real property is mortgaged to the highest level possible, leaving Modern's bank account(s) at Fleet as the only asset available to satisfy the Judgment. (Exhibit E). Furthermore, Modern has experienced severe financial difficulty, including losses in excess of $50,000 for the past two years, causing its surety to take steps to monitor Modern and keep the business solvent. (Exhibit E). Because of the financial difficulty Modern has experienced as set forth in Krzastek's Affidavit, there is a real and present danger that Modern will remove, transfer or dissipate the assets in the Fleet Accounts if Modern is given notice of the Trustee Execution. (Exhibit E).

7. The need for an ex-parte Trustee Execution is further supported by information learned by the Plaintiff on or about March 19, 2004 through its Special Process Server, John Keough.

8.  On or about March 18, 2004, the clerk's office inadvertently executed the Trustee Execution, mistaking it for an initial Execution. (Trustee Execution, attached hereto as Exhibit F). John Keough was appointed as the Plaintiff's Special Process. (Exhibit F). The Plaintiff, being unaware of the error at this time, attempted to serve the Trustee Execution on Fleet on March 19, 2004. When the service was made, Fleet indicated that the account numbers set forth in Krzastek's Affidavit (Exhibit E) and on the Trustee Execution (Exhibit F) no longer contained any funds, but that Fleet held other accounts for Modern which did have funds available. Because the Trustee Execution was not signed by a Judge of this Court, Fleet refused to honor the Trustee Execution.

9.  Importantly, however, the dissipation of the assets in the known Fleet Accounts, for whatever reason (proper or improper), further supports the need for an immediate, ex-parte Trustee Execution ordering Fleet to freeze Modern's accounts in an amount which would satisfy the Judgment, interest and other fees permitted by Rule 69 and Rule 64 and by statute. Otherwise, given Modern's financial situation and the amount of the Judgment, there is a clear danger that Modern will transfer or dissipate the funds in the Fleet Accounts, frustrating the satisfaction of the Plaintiff's Judgment.

9.  Pursuant to Fed.R.Civ.P. 64 and 69, the Federal Court may permit a Plaintiff to seize property to secure a judgment "in the manner provided by the law of the state in which the district court is held." Mass.R.Civ.P. 4.2(g) permits the Court to enter an order ex-parte approving a Trustee Process for a specific amount upon the finding by the Court that: 1) there is a reasonable likelihood the plaintiff will recover judgment in the amount equal to or greater than that sought by the trustee process over an above the liability insurance known to exist; and 2) there is a clear danger that the defendant if notified in advance of the attachment on trustee process will withdraw

the goods or credits from the hands and possession of the trustee or dissipate the credits held by the trustee.

10. The Plaintiff clearly meets the first criteria set forth in Mass.R.Civ.P. 4.2(g) as evidenced by the Certified Judgment in his favor in the amount of $3,138,750. (Exhibit A). There has been no appeal or other motion affecting the Judgment. (Exhibits D and E). Therefore, there is no doubt that Krzastek is entitled to recover the amount sought in the Trustee Execution. Furthermore, Krzastek's Affidavit establishes the clear and present danger that the funds in the Fleet Account will be transferred or dissipated if notice of the Trustee Execution is given, and also certifies that there is no known insurance coverage available to satisfy the Judgment. Exhibit E.

11. In light of the aforementioned facts, supported by the necessary affidavits, the Plaintiff respectfully requests that the Court grant its emergency request for approval of an ex-parte Trustee Execution, ordering Fleet to satisfy Krzastek's Judgment, including interest and fees due and owing to the special process server, out of the funds it holds as trustee for Modern.

12. Attached for the Court's convenience is a Trustee Execution for the accounts held by Fleet as trustee for Modern.

                                          Walter R. Krzastek,
                                          By his attorney,

                                          */s/ Windy L. Rosebush*
                                          Windy L. Rosebush (BBO No. 636962)
                                          EDWARDS & ANGELL, LLP
                                          101 Federal Street
                                          Boston, MA 02110
                                          (617) 439-4444

Date: March 22, 2004