UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WALTER R. KRZASTEK,

    Plaintiff,

v.

MODERN CONTINENTAL
CONSTRUCTION CO., INC.,

    Defendant.

Miscellaneous Business Docket
No. 1:04-mc-10079

### AFFIDAVIT OF PAUL A. SEPPALA IN SUPPORT OF MODERN CONTINENTAL CONSTRUCTION CO., INC.'S EMERGENCY MOTION

I, **Paul A. Seppala**, hereby depose and state as follows:

1. I am the Chief Financial Officer of Modern Continental Construction Co., Inc. ("Modern") and possess first-hand knowledge of the facts and circumstances surrounding Modern's current financial status and knowledge of the Emergency Motion For Grant Of Ex-Parte Trustee Execution filed by Plaintiff Walter R. Krzastek.

2. I have personal knowledge of all facts and circumstances stated herein, except such facts as are stated on information and belief, which facts I believe to be true.

3. This Affidavit is based on my own personal knowledge and my review of Modern's business records maintained in the ordinary course of Modern's business.

4. On March 30, 2004, Modern's senior management first became aware of the above-referenced action.

5. Plaintiff's Complaint, filed in the United States District Court for the District of New Jersey, sought $1,188,600.00 for compensation allegedly due Plaintiff for work performed

by Modern, and another $2,000,000.00 of estimated damages alleged to be owed as a result of Modern's not bidding on additional work, based upon the assumptions that Modern would have been able to secure the necessary bonds, that Modern would have been the successful bidder and that Modern would have profitability performed such work.

6. Plaintiff allegedly served his Complaint on The Corporation Trust Company, Modern's alleged agent on December 8, 2003.

7. Modern is presently unaware of why Modern's senior management did not become aware of Plaintiff's Complaint, or the subsequent default judgment, until yesterday afternoon.

8. On December 31, 2003, Plaintiff's counsel sought a default judgment against Modern. The default was entered by the New Jersey District Court on January 6, 2004.

9. On February 9, 2004, the New Jersey District Court entered the default judgment against Modern for both the $1,138,750 of fees and costs allegedly owed as a result of work performed by Modern, and for the $2,000,000.00 of fees Plaintiff alleged he did not earn as a result of Modern's failure to bid on work.

10. On or about March 22, 2004, Plaintiff's counsel filed, in the Miscellaneous Business Docket of this Court, an Emergency Motion for Grant of an Ex Parte Trustee Execution. The Court allowed said Motion on March 25, 2004.

11. Modern became aware of this action on March 30, 2004 when Constable John Keogh served Fleet Bank with a copy of the execution and a demand that Fleet pay over $3,252,121.65 of Modern's funds held by Fleet to satisfy the said execution.

12. Modern has not had an opportunity to investigate Plaintiff's claim that Modern was properly served with his Complaint, nor has Modern had an opportunity to investigate the

#479904                                    2

facts or apply to the District Court for New Jersey for relief from judgment pursuant to Fed. R. Civ. P. 60(b) based upon "excusable neglect" or other grounds.

13. Modern has meritorious defenses to Plaintiff's claims, which it will assert if the judgment is dissolved.

14. Modern's Fleet accounts consist of the following: (1) designated payroll; (2) special purpose funds; or (3) accounts receivable proceeds which are subject to perfected security interests and/or liens of Modern's creditors.

15. One of the accounts in Modern's name held by Fleet is a joint account with the State of New York which contains statutorily mandated escrow monies that have yet to be come payable under the parties' construction contract. Thus, the account is contingent upon the State of New York's signature for release of any monies and the monies are not due and payable to Modern until certain preconditions of the contract are met for retainage release.

16. Modern's surety, St. Paul, has a valid and perfected lien as to any of Modern's accounts receivable which is entitled to priority over any attempt to attach said accounts.

17. The immediate payment of Plaintiff's default judgment from Modern's bank accounts will likely cause various drafts issued by Modern to be returned for "insufficient funds," cause Modern to be in default of its obligations, damage Modern's credibility in the workplace, impair Modern's bonding capabilities and/or cause serious financial harm to Modern through a "domino-like" chain of events.

18. A payment of the $3.252 million default judgment would create serious difficulties for Modern with respect to its primary lenders.

19. Modern has no intention of dissipating or transferring the money in the Fleet accounts. As is described above, such funds are dedicated to particular purposes and subject to prior perfected security interests.

Further your Affiant sayeth not.

**SWORN TO AND SUBSCRIBED UNDER THE PENALTIES OF PERJURY** this 31 day of March, 2004.

_____
PAUL A. SEPPALA

#479904                              4