UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WALTER R. KRZASTEK,<br><br>   Plaintiff,<br><br>v.<br><br>MODERN CONTINENTAL CORPORATION,<br><br>   Defendant. | Miscellaneous Business Docket<br>No. 1:04-mc-10079 |

**MOTION OF ST. PAUL FIRE AND MARINE INSURANCE COMPANY
TO DISSOLVE TRUSTEE EXECUTION**

St. Paul Fire and Marine Insurance Company, for itself and certain of its affiliates ("St. Paul") and as agent for St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, Fidelity and Guaranty Insurance Company, Fidelity and Guaranty Insurance Underwriters Inc., United States Fidelity and Guaranty Company and Seaboard Surety Company moves pursuant to Rules 64 and 69, Fed.R.Civ.P., to dissolve the trustee execution issued by this Court ex parte on March 25, 2004 (the "Trustee Execution") in favor of plaintiff Walter R. Krzastek.  Plaintiff Krzastek obtained the Trustee Execution in violation of Massachusetts law, which governs this dispute.  In the alternative, St. Paul requests a stay of the effect of the Trustee Execution pending a determination pursuant to M.G.L. c. 246, § 33, of the interests of St. Paul and its fellow senior secured creditors in any accounts subject to the Trustee Execution.

In support of this motion, St. Paul states as follows:

1.    St. Paul is a Minnesota corporation that has its principal place of business at 5801 Smith Avenue, Baltimore, MD 21209.

2. St. Paul and its affiliates have issued surety bonds (the "Bonds") on behalf of defendant Modern Continental Corporation and certain of its affiliates and subsidiaries ("Modern Continental") for work under certain construction contracts (the "Bonded Contracts") subject to the terms of certain indemnification agreements (the "Indemnity Agreements").

3. St. Paul also is the agent for a group of senior secured creditors (including St. Paul) of Modern Continental. St. Paul as agent for these senior creditors was granted security interests pursuant to two amended and restated credit and security agreements (the "Security Agreements").

4. St. Paul and its affiliates have over $100 million in exposure to Modern Continental under the Security Agreements and the Bonds.

5. Claims have been made on some of the Bonds. As Modern Continental's surety, St. Paul has subrogation rights with respect to any Modern Continental funds that are the proceeds of accounts receivable arising from Bonded Contracts.

6. As contemplated under certain Indemnity Agreements and pursuant to the Security Agreements, St. Paul has advanced funds or made other financial accommodations to or on behalf of Modern Continental, in order to allow Modern Continental to complete work under Bonded Contracts and/or to permit the discharge of obligations Modern Continental has incurred in connection with Bonded Contracts.

7. Pursuant to the Security Agreements, Modern Continental has granted to St. Paul, as agent, a security interest in (among other things) Modern Continental's right, title and interest in accounts, deposit accounts and the proceeds therefrom. St. Paul has perfected its interests in those accounts and proceeds by, among other things, filing UCC Form 1 Statements. Copies of the relevant UCC Statements are attached as Exhibits A-C hereto.

8. On March 22, 2004, plaintiff Krzastek filed an Emergency Motion for Grant of Ex-Parte Trustee Execution. This Court granted the motion on March 25, 2004 and issued the Trustee Execution. The Trustee Execution directs Fleet Bank, N.A. to satisfy a default judgment in the amount of $3,138,750 entered in favor of Mr. Krzastek by the United States District Court for the District of New Jersey District Court with funds of Modern Continental.

9. On information and belief, Modern Continental's accounts at Fleet Bank contain the proceeds of accounts receivable arising from Bonded Contracts. St. Paul and certain of its affiliates thus have subrogation rights in the Fleet accounts, in addition to the secured interests described above.

10. By the terms of Rules 64 and 69, Mr. Krzastek's right to obtain a writ of execution in aid of obtaining satisfaction of a federal-court judgment is subject to "the practice and procedure of the state in which the district court is held…." A party's failure to comply with the applicable state practice and procedure renders the subsequent writ of execution null and void. See Gabovitch v. Lundy, 584 F.2d 559, 561 (1st Cir 1978).

11. Chapter 246 of the Massachusetts General Laws and Rule 4.2, Mass.R.Civ.P., govern the attachment of bank accounts located in Massachusetts. Mr. Krzastek obtained the Trustee Execution without following the statute or Rule 4.2:

- First, a "trustee summons" – not a writ of execution – must issue to the purported trustee. See Gabovitch, 584 F.2d at 561 n.3; Mass.R.Civ.P. 4.2(b)-(c). No such summons issued here.

- Second, once the summons issues, "the trustee must answer specifying the property subjected to the attachment." Gabovitch, 584 F.2d at 561 n.3; see also Mass.R.Civ.P. 4.2(d). Fleet Bank has filed no such answer.

- Third, under M.G.L. c.246, § 33, the court must try and determine the interests of any person who makes an appearance "claiming, by assignment from the defendant or otherwise, goods, effects or credits in the hands of the supposed trustee…." Furthermore:

> If it appears that the claimant holds a valid assignment from the principal defendant…as security for a debt…the claimant shall have judgment and execution for the amount so found to be due him and for his costs; and after said judgment and execution have been satisfied, the residue, if any, of the goods, effects or credits in the hands of the trustee shall be subject to the attachment in the trustee process.

Id. at § 34 (emphasis added). Mr. Krzastek has not asked this Court to try and determine St. Paul's senior interests in the Modern Continental accounts, nor has this Court determined what, if any, "residue" remains to satisfy Mr. Krzastek's judgment.

- Finally, if the court "adjudges the bank to be a trustee," only then must the bank pay over the property to the creditor "or be subject to a trustee writ of execution." Gabovitch, 584 F.2d at 561 n.3. A judgment against the trustee is a "precondition to the issuance of a trustee execution." Thompson-Durkee Co. v. Express Plumbing & Heating Co., 1994 Mass.App.Div. 190 (1994); see also Arthur D. Little, Inc. v. East Cambridge Sav. Bank, 35 Mass.App. 734 (1994). Mr. Krzastek has neither sought, nor obtained, a judgment against Fleet Bank.

12. Under Gabovitch, the Trustee Execution is defective. It should be dissolved. In the alternative, pursuant to M.G.L. c.246, § 33, this Court should stay the effect of the Trustee Execution pending a determination of the interests of St. Paul, its affiliates, and St. Paul as agent in the Modern Continental accounts held by Fleet Bank, and the satisfaction of any judgment to which St. Paul, its affiliates, and St. Paul as agent are entitled.

13. Counsel for St. Paul certifies that he has conferred in good faith with counsel for Mr. Krzastek in an attempt to resolve the issues set forth in this motion.

FOR THESE REASONS, St. Paul Fire & Marine Insurance Company asks this Court to:

A.   Dissolve its Trustee Execution dated March 25, 2004;

B.  In the alternative, stay the effect of the Trustee Execution pending a determination of the interests of St. Paul, its affiliates, and St. Paul as agent in the Modern Continental accounts held by Fleet Bank, N.A., and the satisfaction of any judgment to which St. Paul, its affiliates, and St. Paul as agent are entitled.

ST. PAUL FIRE & MARINE INSURANCE COMPANY,

By its attorneys,


/s/ Michael D. Vhay_____
E. Randolph Tucker (BBO # 503845)
Michael D. Vhay (BBO #566444)
PIPER RUDNICK LLP
One International Place
Boston, Massachusetts 02110
Telephone 617-406-6000
Facsimile 617-406-6100

Dated:  April 1, 2004

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), St. Paul requests oral argument on this motion.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the enclosed Motion of St. Paul Fire and Marine Insurance Company to Dissolve Trustee Execution to be served upon the following counsel by hand this first day of April 2004:  Windy L. Rosebush, Esq., Edward & Angell, LLP, 101 Federal Street, Boston, MA 02110; Eric F. Eisenberg, Esq., Hinckley Allen Snyder LLP, 28 State Street, Boston, MA 02109; and Jonathan K. Bernstein, Esq., Bingham McCutchen LLP, 150 Federal Street, Boston, MA 02110.

/s/ Michael D. Vhay_____