MA SOC   Filing Number: 200324305890   Date: 10/03/2003 4:22:00 PM

OCT 03 2003 3:43PM    HP LASERJET 3200                                    P.2

---

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

LegalTrieve Information Services, Inc.
18 Oliver Street, Suite 204
North Easton, MA 02356
www.legaltrieve@email.msn.com

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME – Insert only one debtor name (1a or 1b) – do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Modern Continental Construction Co., Inc. | | | | |
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 600 Memorial Drive | Cambridge | MA | 02139 | U.S.A. |

| 1d. TAX ID #: SSN OR EIN | ADDL INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION Corporation | 1f. JURISDICTION OF ORGANIZATION Massachusetts | 1g. ORGANIZATIONAL ID #, if any ☒NONE |
|---|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME – Insert only one debtor name (2a or 2b) – do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. TAX ID #: SSN OR EIN | ADDL INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any ☐NONE |
|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) – Insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| St. Paul Fire and Marine Insurance Company, as Agent | | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 5801 Centennial Way | Baltimore | MD | 21209 | U.S.A. |

4. This FINANCING STATEMENT covers the following collateral:

All of Debtor's right, title and interest in and to the property more particularly described on Exhibit A attached hereto and incorporated herein.

5. ALTERNATIVE DESIGNATION (if applicable) ☐LESSEE/LESSOR ☐CONSIGNEE/CONSIGNOR ☐BAILEE/BAILOR ☐SELLER/BUYER ☐AG.LIEN ☐NON-UCC FILING

6. ☐ This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS. Attach Addendum (if applicable)   7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) (ADDITIONAL FEE) [optional] ☐All Debtors ☐Debtor 1 ☐Debtor 2

8. OPTIONAL FILER REFERENCE DATA
To be filed with the Massachusetts Secretary of State.

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
NATUCC1 5A01 C T System Online

65840-1-0

## EXHIBIT A TO FINANCING STATEMENT

## (BORROWER)

All of Debtor's now owned and hereafter acquired, created or arising property described below, and in each case regardless of where such property may be located and whether such property may be in the possession of Debtor, Secured Party, or a third party, and, if any of such property may be held or stored with any third party, together with all of Debtor's rights now owned and hereafter acquired, created or arising relating to the storage, withdrawal and retrieval thereof and access thereto (all of which property described below and all such rights of storage, withdrawal, retrieval and access, in each case both now owned and hereafter acquired, created or arising, being referred to herein as "Debtor Collateral"):

      (a)    Accounts (as defined in Article 9) and deferred payments and retained percentages, and all moneys and properties that may be, and that hereafter may become payable to Debtor on account of, and all claims and actions and causes of action relating to, a Bonded Contract (as defined in the Credit Agreement), or on account of or relating to extra work or materials supplied in connection therewith.; and

      (b)    Chattel Paper (as defined in Article 9); and

      (c)    Deposit Accounts (as defined in Article 9); and

      (d)    Commercial Tort Claims (as defined in Article 9) now or hereafter identified on Schedule 6.01 to the Credit Agreement; and

      (e)    Documents (as defined in Article 9); and

      (f)    Equipment (as defined in Article 9), together with all masts, boilers, cables, engines, machinery bowsprits, sails, rigging, boats, ships, barges, ferries, tug boats, anchors, chains, tackle, apparel, furniture, fittings, tools, pumps, equipment, radar, sonar, navigational devises and supplies, and all fishing and other appurtenances and accessories and additions, improvements and replacements and hull; and

      (g)    Fixtures (as defined in Article 9);

      (h)    General Intangibles (as defined in Article 9); and

      (i)    Instruments (as defined in Article 9); and

      (j)    Inventory (as defined in Article 9); and

      (k)    Investment Property (as defined in Article 9); and

      (l)    Letter-of-credit rights (as defined in Article 9) and all of Debtor's now owned and hereafter acquired, created or arising rights to the proceeds of any documentary credits; and

(m)    Moneys, securities and other property, now or hereafter held or received by, or in transit to, Secured Party, whether for safekeeping, pledge, custody, transmission, collection or otherwise, and any balances, sums and credits held by Secured Party at any time existing; and

(n)    Any tangible or intangible personal property that is not described within the other defined terms included within the definition of Debtor Collateral ("Debtor Other Personalty"); and

(o)    Products of Debtor Collateral, including any product or mass that results when any Goods (as defined in Article 9) that are Debtor Collateral become commingled goods; and

(p)    Books, records, documents, ledger cards, invoices, bills of lading and other shipping evidence, credit files, computer programs, tapes, discs, diskettes, and other data and software storage medium and devices, and other property and general intangibles evidencing or relating to Debtor Collateral (including any rights of Debtor with respect to the foregoing maintained with or by any other person); and

(q)    Proceeds (as defined in Article 9);

other than certain assets identified as Borrower Excluded Assets in the Credit Agreement.

### Definitions

As used in this Exhibit A, the defined terms below shall have the following meanings:

Article 9 means Article 9 of the Uniform Commercial Code.

Credit Agreement means that certain Credit and Security Agreement (and Guaranty Agreement), dated on or about October 3, 2003 among Debtor, certain subsidiaries and/or affiliates of Debtor, Secured Party and the lenders party thereto, as amended, restated, replaced, modified or supplemented from time to time.