UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Walter R. Krzastek,<br><br>                        Plaintiff,<br><br>   v.<br><br>Modern Continental Construction Co., Inc.,<br><br>                       Defendant. | Miscellaneous Business Docket<br>NO. 1:04-mc-10079 |

MOTION FOR RELIEF FROM EX-PARTE TRUSTEE EXECUTION

Fleet Boston N.A., 100 Federal Street, Boston, MA 02110 ("Fleet"), as trustee of Modern Continental Construction Co., Inc. ("MCCC") hereby moves this Court for relief from the Trustee Execution issued by this court on an ex parte motion of plaintiff on March 25, 2004. As numerous parties, including Fleet itself, have a security interest in monies of MCCC held by Fleet, and as many of the accounts of MCCC with Fleet are restricted accounts (some, for example, appear to be joint accounts), plaintiff is not entitled to the funds, notwithstanding his very recently attained status as a judgment creditor of MCCC. In further support of this Motion, Fleet hereby states the following:

1. On March, 22 2004 the Plaintiff filed an Emergency Motion for Grant of Ex-Parte Trustee Execution. This Court granted the motion on March 25, 2004 and issued a Trustee Execution (the "Trustee Execution"). The Trustee Execution directs Fleet to satisfy a Default Judgment for $ 3,138,750 entered in favor of plaintiff by the United States District Court for the District of New Jersey District Court with funds of MCCC.

LITDOCS/544332.1

2.   On or about February 12, 2004 Fleet Bank, Sovereign Bank and Keybank National Association entered into a Fourth Amended and Restated Term Loan Agreement (the "Credit Agreement") with and among MCCC, its affiliates and Independent Equipment Leasing, LLP. A true copy of the Credit Agreement is attached hereto in pertinent part as *Exhibit A*. Under the Credit Agreement, Fleet is the administrative agent for the other banks. MCCC's indebtedness to Fleet under the Credit Agreement exceeds $ 40 Million.

3.   The Credit Agreement gives Fleet the right to setoff in the case of an event of default under the Credit Agreement. One such event of default is a final judgment against MCCC in the amount of $1,000,000 or more. *See e.g.*, Credit Agreement ¶¶ 8.1 and 9. The setoff right allows Fleet to apply any obligations of Fleet to MCCC (including the monies held on account by Fleet for MCCC) towards MCCC's "Indebtedness" to Fleet under the Credit Agreement. Id. at ¶ 9. Fleet asserts that this setoff right, triggered by the entry of judgment against MCCC in New Jersey District Court, has priority over Plaintiff's claim as a judgment debtor.

4.   Additionally, Fleet possesses common law rights to setoff the obligations owed by MCCC to satisfy the money owed under the Credit Agreement. These common law rights have priority as to Plaintiff's claim as judgment debtor.

5.   Part or all of the funds of MCCC held by Fleet are held in Retainage or Restricted Accounts for the benefit of third parties. These third parties may have claims to the funds that have priority over Plaintiff's claim as judgment debtor.

6.   Further, Fleet has been advised by another creditor of MCCC, St. Paul Fire and Marine Company ("St. Paul"), that it has a priority security interest in the proceeds of accounts held by Fleet in the name of MCCC. On information and belief, the monies of MCCC in Fleet accounts secure indebtedness of MCCC to St. Paul in amounts in the hundreds of millions of dollars.

7. Accordingly, aside from Fleet's own interest in the monies of MCCC held on account with Fleet, other entities also have asserted claims of right to the proceeds superior to the rights of plaintiff in the same.

8. At a minimum, the Order of Execution should be stayed until investigation can be made into the ownership rights of Fleet and other third parties in regards the funds of MCCC held by Fleet.

Fleet Boston,
By its attorneys,

_____
Charles L. Solomont, BBO #557190
BINGHAM MCCUTCHEN LLP
150 Federal Street
Boston, MA 02110-1726
(617) 951-8000

Dated: April 1, 2004